UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANDRES PASTRE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HAGADONE HOSPITALITY, and Idaho Corporation, dba THE COEUR D'ALENE RESORT,<br><br>　　　　Defendant. | Case No. 2:23-cv-00381-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION AND BACKGROUND

On August 2, 2023, Plaintiff Andres Pastre filed a personal injury lawsuit against Hagadone Hospitality ("Hagadone") in Kootenai County, Idaho. Dkt. 1-1. Pastre alleges he sustained various injuries when he slipped and fell on a wet ramp located at The Coeur d' Alene resort in Coeur d' Alene, Idaho. *See generally id.* Pastre asserts Hagadone was negligent in its maintenance of the ramp and must compensate him for medical expenses and other economic damages that "far exceed $10,000." *Id*. at 4.

On August 23, 2023, Hagadone removed the matter to federal court. Dkt. 1. In its Notice of Removal, Hagadone argued removal was proper because it is an Idaho corporation and Pastre is a resident of Montana, and—citing the language of Pastre's complaint that the damages "far exceed $10,000"—that the damages in this case exceed $75,000. *Id*.

On September 22, 2023, Pastre filed a Motion to Remand. Dkt. 6. He claims the

MEMORANDUM DECISION AND ORDER - 1

case must be remanded because, despite the language in the Complaint, there is no evidence the damages in this case actually exceed $75,000. *Id*. at 5–6. In support, he points to the fact that he sent Hagadone a demand letter seeking $35,000 to settle this suit. *Id*. at 3. Because of this, Pastre claims Hagadone's removal was not "objectively reasonable," and the Court should award him his attorney's fees and costs. *Id*. at 6.

Hagadone timely filed a response to Pastre's Motion. Dkt. 8. Therein, it states its non-opposition to Pastre's Motion for Remand *at this time*, but reserves the right to remove the case again should evidence produced in discovery illustrate the jurisdictional limit of $75,000 has been met. *Id*. It also opposes Pastre's request for fees and costs.

## II. DISCUSSION

Pastre's Motion for Remand is granted. Hagadone does not object to the request and based upon the Court's review of the documentation in this case, such is appropriate.

However, the Court cannot award fees or costs at this time. Pastre devoted just a few paragraphs to this argument, simply claiming that "Hagadone knew or should have known that they did not have evidence to support that the amount in controversy exceeds $75,000, and that Plaintiff intended to invoke the Small Lawsuit Resolution Act, based on pre-litigation demand letters."[1] Dkt. 6, at 6. Hagadone devoted even less space to the issue, arguing in a single line that it "opposes the imposition of any award of costs or [attorney's fees] . . . ." Dkt. 8, at 2.

"Where it is not facially evident from the complaint that more than $75,000 is in

---

[1] Under Idaho's Small Lawsuit Resolution Act, there must be less than $35,000 at issue. Idaho Code § 7-1503(1).

MEMORANDUM DECISION AND ORDER - 2

controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003). Hagadone's naked response to Pastre's request for fees leaves much to be desired. It does not state why it believed the instant case was worth more than $75,000. As noted, in its removal notice, it simply highlighted Pastre's reference that the case "far exceed[ed] $10,000." Dkt. 1, at 2. But Hagadone does not dispute Pastre's recitation of the demand letter (totaling just $35,000) or his apparent desire to utilize Idaho's Small Lawsuit Resolution Act. This supports Pastre's position that Hagadone did not have a reasonable basis for removal.

Unfortunately, however, even with Hagadone's deficient response, the Court does not feel it can grant Pastre's request for fees and costs at this time. While it may not be "facially evident" from the Complaint that the amount in controversy exceeds $75,000, it is not "facially evident" that it does not.[2] And Hagadone's failure to explain its position may not be because it does not have anything to support its prior evaluation of the case's value, but because there is no need to *prove* the amount in controversy at this time when it is agreeing to remand the matter for that selfsame reason.[3]

In sum, the Court cannot find, based upon the facts, documentation, and arguments before it, that Hagadone's removal was clearly improper. Therefore, it will deny that part of Pastre's request.

---

[2] For example, it is unclear what "far exceeds $10,000" means.

[3] Said another way, Hagadone is in a somewhat procedurally awkward position. It would be difficult to agree to remand based upon the amount in controversy appearing less than $75,000 at the present time, but also claim the amount in controversy exceeds $75,000.

MEMORANDUM DECISION AND ORDER - 3

## III. ORDER

1. Pastre's Motion to Remand (Dkt. 6) is **GRANTED in PART and DENIED in PART**. The Motion is granted to the extent the Court will remand the case; it is denied in respect to the request for fees and costs.

2. This case is **REMANDED** back to the First Judicial District of the State of Idaho, Kootenai County.

3. This case is **CLOSED**.

DATED: November 15, 2023

_____
David C. Nye
Chief U.S. District Court Judge